Statement of case.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THE ATLANTIC AVENUE RAILROAD COMPANY of Brooklyn, Respondent.

Where an act or omission is not made by statute a cause of forfeiture, irrespective of its intent or character, such act cannot be made the basis of an action to forfeit the charter of a corporation, unless it is intentional or voluntary, or is such neglect as indicates an indifference to the demands of public duty, or so material a disobedience of law as, within established rules, would warrant a judgment of dissolution.

In an action brought by plaintiff to procure the forfeiture of defendant's charter, the complaint alleged, the organization of defendant under the General Railroad Act (Chap. 140, Laws of 1850); that, in accordance with one of the provisions of said act (§ 36), it had, prior to January 25, 1889, fixed, by public notice, regular times for starting and running its cars; that for six successive days, beginning with said day, defendant neglected to start and run its cars and to operate its railroad. It was also alleged, as a separate ground of forfeiture, that defendant, in violation of the act of 1887, regulating hours of labor on street surface and elevated railroads (Chap. 529, Laws of 1887), had exacted from its employes more than ten hours a day labor. Upon demurrer to the complaint, *held*, that it did not set forth a cause of action.

The provision of the Code of Civil Procedure relating to actions for the dissolution of corporations (§ 1785), fixing the period of non-user which will give a right of forfeiture of corporate rights and franchises, *i: e.*, one year, makes a mere non-user for a less period no ground for a dissolution.

The provision of said Code authorizing actions by the people to annul a corporation, upon leave granted by the court (§ 1798), furnishes no rule of liability, but simply points out the remedy to enforce duties or punish misconduct elsewhere and otherwise determined to be such, and fixes the classes of cases in which, if liability does exist, such an action may be brought.

The said act of 1887, is neither in form nor substance an amendment of the General Railroad Act, and it imposes no duty upon the corporations described in it; the prohibition and the punishment are both put upon the officers and agents as individuals and not upon the corporation in its corporate capacity; and so, a violation of the act by officers of a corporation is not an offense against the act "by or under which it was created, altered or renewed, or an act amending the same," within the meaning of said Code.

Reported below, 57 Hun, 378.

(Argued January 21, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a judgment entered upon a decision of the Special Term sustaining a demurrer and dismissing the complaint herein.

This was an action to procure a forfeiture of charter of defendant, a street railroad corporation, organized under the General Railroad Act, and a dissolution of the corporation.

The complaint alleged two causes of action.— 1st. A failure of defendant, for five successive days, to run its trains and operate its road.   2d. An exaction, by defendant from its employes, of more then ten hours a day of labor.

*John T. McDonough* for appellant.   The respondent's charter should be annulled for the following causes: It has forfeited its privileges and franchises by a failure to exercise its powers.   It has offended against an act under which it was created, and acts amending the same and applicable to the respondent; and it has violated a provision of law whereby it has become liable to be dissolved by the abuse of its powers. (*Bradt* v. *Benedict*, 17 N. Y. 93, 98 ; Code Civ. Pro. §§ 1785, 1798 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340 ; *People* v. *B. & R. T. Co.*, 23 Wend. 243 ; *People* v. *Palmer*, 109 N. Y. 110 ; *People* v. *W. Co.*, 2 Keyes, 330 ; *People* v. *W. T. Co.*, 47 N. Y. 586 ; *People* v. *O'Brien*, 111 id. 48 ; *Moore* v. *B. C. R. R. Co.*, 108 id. 104 ; *C. L. Ins. Co.* v. *Needler*, 113 U. S. 580 ; Laws of 1850, chap. 140, § 1 ; *City of Brooklyn* v. *W. R. R. Co.*, 75 N. Y. 335 ; *Day* v. *O. & L. C. R. R. Co.*, 107 id. 129 ; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543 ; *People* v. *A. & V. R. R. Co.*, 24 N. Y. 261 ; *Thompson* v. *People*, 23 Wend. 581 ; *People* v. *Thacher*, 55 N. Y. 529.)   The complaint expressly charges the defendant with a violation of subdivision 1 of section 1798, which provides for a forfeiture of the charter when the defendant has offended against any provision of an act by or under which it was created, altered or renewed, or an act amending the same, and applicable to the corporation.   (Laws of 1850,

chap. 140, § 36; *People* v. *B. & R. T. Co.*, 23 Wend. 222; *People* v. *H. & C. T. Co.*, Id. 256–258; *People* v. *N. R. S. R. Co.*, 121 N. Y. 582–608; 2 Morawetz on Corp. § 1024.) The respondent violated the terms and provisions of chapter 529 of the Laws of 1887. (*Gould* v. *Town of Sterling*, 23 N. Y. 456; *Mayor, etc.,* v. *T. T. S. R. R. Co.*, 113 id. 311; *Purdy* v. *N. Y. & N. H. R. R. Co.*, 61 id. 353; Morawetz on Corp. §§ 1016, 1024; *People* v. *N. R. S. R. Co.*, 121 N. Y. 582; *People* v. *K. & M. T. R. Co.*, 23 Wend. 193.) This act of 1887 is constitutional. (State Const. art. 8, § 1; 1 R. S. 600, § 8; Laws of 1850, chap. 140, § 48; *People ex rel.* v. *B. & A. R. R. Co.*, 70 N. Y. 569; *B. R. R. Co.* v. *E. S. R. R. Co.*, 111 id. 132; *People* v. *Budd*, 117 id. 1; *Mayor, etc.,* v. *T. T. S. R. R. Co.*, 113 id. 311, 317.)

*William W. MacFarland* for respondent. The alleged omission to operate the defendant's road is not a cause for forfeiture. (*Bradt* v. *Benedict*, 17 N. Y. 96; Code Civ. Pro. § 1785; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543.) A violation of chapter 529 of the Laws of 1887 is no ground of forfeiture.) *Atty.-Genl.* v. *Bank of Niagara*, 1 Hopk. Ch. 403.)

Finch, J. The relief demanded by the complaint in this action is the dissolution of the defendant company and the forfeiture of its charter. A demurrer was interposed upon the ground that the complaint did not state a cause of action, and has been sustained and judgment rendered in favor of defendant dismissing the complaint. The sufficiency or insufficiency of that pleading is the sole question involved in this appeal.

The first ground of action alleged is that the defendant corporation, which is a railroad company, organized as such for the transportation of passengers and freight, omitted and neglected for five days to run its trains. The averment is one of a mere non-user, not even alleged to have been voluntary, for that brief period of time. The statute furnishes an

answer. It explicitly determines what period of non-user shall serve to produce a right of forfeiture, and fixing it at one year, makes a mere non-user for a less period no ground for a dissolution. The language of section 1785 of the Code which permits an action in equity for a forfeiture, is that the action may be maintained against the corporation "where it has suspended its ordinary and lawful business for at least one year." The plaintiff claims, however, that the present action is brought under section 1798, and that it furnishes a different rule. That section contains no rule of liability whatever, but simply points out a mode of procedure to enforce duties or punish misconduct elsewhere and otherwise settled and determined. The terms of the section show that clearly. The attorney-general, with leave of the court obtained, may sue for a forfeiture in five enumerated cases. First, where the corporation has "offended against" the law of its creation ; what constitutes such an offense the section does not declare or affirm, but leaves us to look elsewhere for the proper and lawful test. Second, when the corporation "has violated any provision of law whereby it has forfeited its charter or become liable to be dissolved by an abuse of its powers." Here again the violation must be one *whereby* forfeiture follows, and we must go outside of the section to ascertain what violations will produce the result and what acts constitute an abuse of powers conferred. Third, "where it has forfeited its privileges or franchise by a failure to exercise its powers." When such failure works a liability to forfeiture the section does not undertake to determine. Fourth, where the corporation has "done or omitted any act which amounts to a surrender of its corporate rights, privileges and franchises," but what acts do amount to such a surrender, we must go beyond the section itself to ascertain. Fifth, where the corporation has "exercised a privilege or franchise not conferred upon it by law." Here again what acts, or how long continued, or how material or important, shall bring the penalty of dissolution we are not told. I think it beyond question, therefore, that the section does not establish or pretend to establish any rule of liability, but simply to

fix and enumerate the classes of cases in which, if liability does exist, the attorney-general may move, having first obtained the assent of the court. That section relates, therefore, merely to procedure, and does not determine, much less enlarge, existing rules of corporate liability. It accomplishes nothing, therefore, to say that the action is brought under section 1798. The vital inquiry still remains what has the corporation done or omitted which brings down upon it the penalty of dissolution. The answer given by the complaint is that for five days it suspended its ordinary business of transporting passengers and freight. But section 1785 does give a rule of liability where such suspension of business is made the ground of action, and provides that it must continue " for at least one year." Other remedies may be applied for a non-user of less extent, but the remedy of forfeiture follows the persistent and continued suspension of business for the fixed period.

But the learned counsel representing the people say that a corporation may incur the penalty of forfeiture by the " abuse of its powers." Undoubtedly it may, but the complaint contains no such allegation, nor any averment of fact from which such abuse of power could be inferred. That the defendant company did not run its trains for five days shows merely an omission to use its powers, not an abuse of them. An omission to run its trains might be an incident in the conduct of a railroad company engaged in an abuse of its powers, but does not alone constitute such abuse; and where that is not alleged, either in form or substance, the complaint cannot be sustained upon that ground.

The appellant, however, avers that it alleges in terms the violation of a statutory duty imposed upon the corporation by the law of its creation. The General Railroad Act has a section (Chap. 140, Laws of 1850, § 36), which requires that " every such corporation shall start and run their cars for the transportation of passengers and property at regular times to be fixed by public notice," and the complaint alleges that on the 25th day of January, 1889, and for five days following, the company did not so start and run its trains. It may be

doubted whether this is anything more than the allegation of non-user in a different form. But it was claimed on the argument that any violation of a statutory duty makes a *prima facie* case for a decree of dissolution, and throws the burden of explanation and excuse upon the corporation assailed. We do not assent to that doctrine in such unguarded terms. If it be sound, every railroad corporation in the state is *prima facie* liable to dissolution. Suppose this complaint had read that on the 25th day of January, 1839, the defendant company did not start a train, advertised to leave at eight o'clock, until nine o'clock, whereby the public were delayed and injured. Nobody believes that, on a demurrer admitting the facts, a judgment of dissolution would follow, although a distinct statutory duty had been violated. The complaint must show on its face corporate acts or omissions such as not only put the company in the wrong, but such as were either voluntary or negligent, and so material a disobedience of the public law as within established rules to warrant a judgment of dissolution. This complaint does neither. It does not charge that the omission to run trains for a few days was either voluntary or negligent, and the omission itself may have been involuntary and not negligent, and in that event the corporation was guilty of no wrong and could not be dissolved. Every word of the complaint may be true and yet the defendant not be in fault or in the wrong, and it is not too much to require that such misconduct should be alleged when the remedy sought is corporate death. It may be conceded, as the appellant claims, that where some act or omission is made a cause of forfeiture by the statute, it is not necessary to aver that it was intentional or negligent, for it has been so decided. (*People* v. *Hillsdale & Chatham Turnpike Road Co.*, 23 Wend. 256.) But the decision implies that the allegation is necessary where the act or omission relied on is not made by the statute a cause of dissolution. In that case it was said that the finding of neglect would be material as to a single act of non-feasance. In *People* v. *Bristol & Rensselaerville Turnpike Co.* (23 Wend. 236), the court quoted approvingly from a case decided in Maryland

the statement, "nor is it every non-user that will furnish sufficient ground for forfeiture;" and added: "To work a forfeiture, there should be something wrong; and not only a wrong but one arising from willful abuse or improper neglect." Nothing of the kind was alleged in the complaint in this action, nor any fact which necessarily implied actionable misconduct. Corporations in this state do not hold their charters by so slender a tenure, but have a right to require of those who seek their destruction specific allegations of intentional or voluntary misconduct or such neglect as indicates an indifference to the demands of public duty, unless the act or omission is made by statute a cause of forfeiture, irrespective of its intent or character.

But the complaint contains a second charge against the corporation. It alleges that the company "did permit, require and allow the conductors and drivers and other employes of said defendant" to work and labor more than ten hours within twelve consecutive hours for a day's labor, in violation of chapter 529 of the Laws of 1887. That statute by its terms imposes no duty upon the corporations described in it. In its first section it prescribes what shall constitute a day's labor, and by its second section it makes it a misdemeanor for any officer or agent of such corporation to exact from any of its employes more than the specified labor. Both the prohibition and the punishment are explicitly put upon the officers and agents as individuals, and not upon the company acting in its corporate capacity. The remedy for a violation of the statute is adequate and effectual since the corporation can only act through officers and agents, and they are at once liable to punishment if the law is violated. The act of 1887 is neither in form nor substance an amendment of the General Railroad Act. It has reference to a particular class of railroad corporations, but not to all of them, and is not made an element of their charters. And the provision of section 1798 explicitly limits the action for a forfeiture to cases in which the corporation offends against an act "by or under which it was created, altered or renewed, or an act amending the same." The act

of 1887 was neither. The defendant corporation was not created, altered or renewed under it, nor is it an amendment of the General Railroad Act under which the corporation was created. We fail to discover any ground upon which the complaint can be sustained.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.